IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BESSIE M. CARTER, )
)
                    Plaintiff, )
)
          v. ) No. 06 C 4521
)
MICHAEL J. ASTRUE, Commissioner )
of Social Security, )
)
                    Defendant. )

## MEMORANDUM OPINION AND ORDER

For almost 28 years, plaintiff Bessie Carter worked for
the same company as a machine operator. In later years, due to
weakened health, the company allowed her additional work breaks,
days off, and other accommodations, so that she could continue to
be employed. When the company closed its plant, plaintiff lost
her job at age 60. Plaintiff subsequently applied for social
security disability benefits effective January 15, 2003.
Following a hearing, an Administrative Law Judge ("ALJ") denied
benefits, finding plaintiff was not disabled because she could
still perform her past relevant work as a machine operator. The
Appeals Council denied review, making the ALJ's determination the

final decision of the Commissioner of Social Security.[1] On the parties' cross motions for summary judgment, administrative review of that decision is before the court. The undisputed facts are the administrative record.

In this proceeding, the ALJ's legal conclusions are reviewed de novo. Schmidt v. Astrue, ___ F.3d ___, 2007 WL 2255216 *7 (7th Cir. Aug. 8, 2007); Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005). The ALJ's factual determinations, however, are reviewed deferentially. Schmidt, ___ F.3d at ___, 2007 WL 2255216 at *7; Dixon v. Massanari, 270 F.3d 1171, 1176 (7th Cir. 2001). The ALJ's factual determinations must be upheld if supported by substantial evidence in the record. 42 U.S.C. § 405(g); Schmidt, ___ F.3d at ___, 2007 WL 2255216 at *7. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Skinner v. Astrue, 478 F.3d 836, 841 (7th Cir. 2007). "Substantial evidence must be more than a scintilla but may be less than a preponderance." Id. "When reviewing for substantial evidence, we do not displace the ALJ's judgment by reconsidering facts or

---

[1]In accordance with Fed. R. Civ. P. 25(c)(1) Michael J. Astrue is substituted for Jo Anne Barnhart as the defendant in this case.

evidence or making credibility determinations." Id. "In other
words, so long as, in light of all the evidence, reasonable minds
could differ concerning whether [the claimant] is disabled, we
must affirm the ALJ's decision denying benefits." Schmidt,
___ F.3d at ___, 2007 WL 2255216 at *7 (quoting Books v. Chater,
91 F.3d 972, 978 (7th Cir. 1996)).

The ALJ applied the usual five-step sequential analysis
in considering plaintiff's eligibility for benefits. See
20 C.F.R. § 404.1520; Skinner, 478 F.3d at 844 n.1 (quoting
Henderson v. Apfel, 179 F.3d 507, 512 n.3 (7th Cir. 1999)). At
step four, the ALJ found that plaintiff could perform her past
relevant work as a machine operator. Thus, plaintiff was found
not disabled. Plaintiff contends the ALJ committed legal error
in reaching her decision. Plaintiff also contends that
substantial evidence does not support the conclusion that
plaintiff could perform her past relevant work.

Additionally, plaintiff argues that, had the ALJ not
erred at step four, plaintiff would have been found disabled at
step five by applying the "grid." See generally 20 C.F.R.
Part 404, Subpart P, App. 2; Haynes, 416 F.3d at 627. The court,
however, may not consider step five if the Commissioner has not
first made a determination at that step. Johnson v. Heckler,
741 F.2d 948, 952-53 (7th Cir. 1984); Causey v. Shalala, 1994 WL

- 3 -

727962 *5 (N.D. Ill. Dec. 30, 1994). Even if it were held that plaintiff could only be found to be unable to perform her past relevant work, the case must be remanded for the Commissioner's consideration of step 5. The court cannot order the Commissioner to award benefits as plaintiff urges.

Plaintiff has diabetes and hypertension. She experiences headaches that may be related to the hypertension or other causes. She has cataracts and the diabetes has also had a negative effect on her vision. She also complains of arthritis. While there are some disputes about the headaches and vision, plaintiff's principal arguments concern plaintiff's ability to reach and lift and her ability to consistently sustain a full day's work five days a week. As to her residual functional capacity, the ALJ found that plaintiff "has been capable of all work activity except for the following: 'medium' and heavier lifting and carrying and, additionally, beginning in May 2005, repetitive overhead reaching with her right hand." R. 22. The ALJ found that plaintiff's past relevant work as a machine operator "required 'light' level exertion, and she spent a cumulative half hour reaching during an eight hour period (Exhibit 1E/2)." Id. at 21. The ALJ stated: "The vocational expert was asked whether someone with the claimant's limitation could perform this job. He responded that such an individual

could perform this job, as performed and as described in the
Dictionary of Occupational Titles. This testimony is adopted.
The claimant's limitations do not foreclose her performance of
past relevant work and, therefore, she is 'not disabled.'" Id.
at 21-22.

Plaintiff contends the ALJ's findings ignore her
testimony as to the full dimensions of her past work and ability.
The ALJ relied on a form completed by plaintiff that indicated
there was only a half-hour a day of reaching. Plaintiff points
out that she has limited education and mathematical abilities
making it unreasonable to credit only her completion of the form
instead of her more detailed testimony regarding the work she
did.  Plaintiff testified to frequent reaching and being required
to bend over and lift pieces that had to be placed onto a
conveyer belt that fed into a blaster. The pieces were in pails
that required deeper bending as she got to the bottom of each
pail.  Some of the pieces weighed up to 20 pounds and she had to
place 100 pieces an hour onto the conveyer. One or two hours a
days, plaintiff used a smaller blaster that required less lifting
and reaching.  Plaintiff testified that pain would cause her to
drop pieces and she needed help for heavier pieces.

The ALJ failed to consider the functional requirements of
plaintiff's position as she actually performed it. The step four

- 5 -

analysis, however, is not limited to consideration of the duties plaintiff had in her particular job. The requirements of the position as it is generally performed in the national economy may instead be considered. 20 C.F.R. § 404.1560(b)(2); Smith v. Barnhart, 388 F.3d 251, 253 (7th Cir. 2004). Here, the ALJ adopted the testimony of the vocational expert ("VE"). The VE used a description of machine operator contained in the Dictionary of Occupational Titles. R. 73. The VE testified as follows:

> A . . . The claimant ran a machine that requires, well, the job requires using different machines for different sized parts. The Dictionary is going to give you a generic exertional level. It's going to be light work, it's semi-skilled, basically because she was training people on it. The machine in itself is relatively easy to run.
> * * *
> A Okay. So, it's semi-skilled work and light as performed by the claimant and that's traditionally the way it's done in the economy.
> * * *
> Q Okay. So, taking someone of Ms. Carter's age, which ranged from 60 to 63, although I don't find this really applicable for the whole period but just pose it, she said a ninth grade education, work experience as you've described it, was limited to light work that does not require overhead reach with the [dominant right hand.] . . .
> Okay. With the right dominant arm on a repetitive basis. Could she do her past work?
> * * *
> A Yes.

R. 73-74.

The VE further testified that the work involved frequent, but not constant, use of hands and arms and that plaintiff could perform the work if she could sustain frequent use of her arms. R. 74-75. On an alternative hypothetical, the VE testified plaintiff could not perform the work if she could only use her arms occasionally. R. 75. When questioned by plaintiff's attorney about possible hypothetical situations, the VE testified that plaintiff could not perform the work if she would unpredictably miss work three days a month. Id. He also testified that she could not perform the work if she (a) needed to rest or lie down unpredictably for an hour a day or (b) needed to be "off task" two hours a day. R. 75-76.

As previously stated, the ability to perform past relevant work can be based on the job as it is generally performed in the national economy. However, the "job" must not be described in too broad a manner. Smith, 388 F.3d at 253. Simply categorizing the work as "sedentary" or "light" work[2] is too broad a classification. Id. There is no bright line as to

---

[2]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

what is a sufficiently narrow definition of a job. Drawing the line, though, is "a task for the agency, subject to light judicial review." Id.

The VE relied on the Dictionary of Occupational Titles, but did not specify a particular definition. Moreover, the only trait in the definition that the VE expressly relied upon was the "generic exertional level" of light work. Thus, the general job category used by the VE (and adopted by the ALJ) was not significantly more specific than using the general category of light work, which is not permitted. Smith, 388 F.3d at 253. Therefore, there was insufficient evidence to support the ALJ's conclusion that plaintiff could perform her past relevant work as it is generally performed in the national economy. Since the ALJ also failed to consider all the characteristics of plaintiff's job as she actually performed it, the ALJ's determination that plaintiff could perform her past relevant work cannot be upheld.

The ALJ's failure to properly consider the demands of plaintiff's past relevant work requires a remand. Cf. id.; Witt v. Barnhart, 446 F. Supp. 2d 886, 897 (N.D. Ill. 2006). On remand, the ALJ must also expressly address the question of whether plaintiff's impairments would require her to miss work often and/or prevent her from working an eight-hour day unless she rested and, if so, whether that would prevent plaintiff from being able to perform her past relevant work. Since there will

otherwise be a remand, it is unnecessary to address plaintiff's further contentions regarding specific medical evidence. On remand, however, the ALJ should reconsider and reweigh the evidence in light of the entire record and the arguments presented by the parties.

IT IS THEREFORE ORDERED that, pursuant to Fed. R. Civ. P. 25(c)(1), Michael J. Astrue is substituted for Jo Anne Barnhart as the defendant in this case. The Clerk of the Court is directed to amend the docket accordingly. Defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment [13] is granted. The Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant remanding this case to the Commissioner of Social Security for further proceedings.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 20, 2007